**UNITED STATES, Appellee,**

v.

**Anna Marie OCAMPO, Defendant, Appellant.**

**No. 91–1452.**

United States Court of Appeals, First Circuit.

Heard March 3, 1992.

Decided May 15, 1992.

Robert D. Watt, Jr., Providence, R.I., for defendant, appellant Anna Marie Ocampo.

Zechariah Chafee, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL and WEIS,* Senior Circuit Judges.

WEIS, Senior Circuit Judge.

Defendant was charged with possession with intent to distribute 500 grams or more of cocaine and conspiracy to distribute 500 grams or more of cocaine. The jury acquitted her of the possession count, but convicted on the conspiracy charge. We conclude that the evidence in this case is insufficient to establish her participation in the conspiracy and reverse the conviction.

The record established that a sale of cocaine took place at the apartment of Juvenal Zuleta several hundred yards away from a small townhouse at 1605 Douglas Avenue, North Providence, where defendant lived with Luis Zuleta, a brother of Juvenal. Defendant's mother and Luis' brother Jorge also resided in the same structure.

The cocaine transaction had been arranged with an informant several weeks before it actually occurred at about 8:30 p.m. on July 6, 1990. The agreement called for the purchase of three kilos, but when the informant arrived at the apartment Juvenal had only about two and one-half kilos on hand. To make up the deficiency, two men took half a kilo from the townhouse where defendant lived and delivered it to Juvenal's apartment. A few minutes later, all of the cocaine was presented to the informant. Soon thereafter, the participants were arrested.

The evidence against this defendant established that she had lived with Luis Zuleta in the two-story townhouse for four to six months. The living quarters were quite small, each floor measuring only 15 feet by 35 feet. At about 5:30 p.m. on July 6, 1990, a government agent observed a blue Honda drive up to the townhouse. The driver alighted and knocked on the front door. When no one opened the door, he looked to the upstairs window where a dark-haired woman made a gesture, undescribed in the record. He then drove away. The agent was unable to identify the woman in the window, and the record established that both the defendant and her mother had dark hair.

Some hours later, the agent observed the same driver and a companion once again arriving at the townhouse in the Honda. Luis Zuleta admitted both men. When they emerged a few minutes later, one of the men was carrying a package. The two then drove to Juvenal Zuleta's apartment

* Of the Third Circuit, sitting by designation.

where they delivered the package containing cocaine.

At about 9:00 p.m., agents came to the townhouse and were admitted by Luis Zuleta. In addition to Luis, defendant and her mother were in the living room. After securing a warrant, the agents searched the townhouse and found a beeper in the living room. In the kitchen closet, the agents discovered a plastic bag containing 5 quart-size cans of acetone, rolls of tape, paper mouth and nose masks, a bottle of inositol, and a large folded piece of plastic wrap. One of the acetone cans had a coating of cocaine residue. Testimony at the trial established that these materials are used in a process for diluting cocaine.

The agents brought defendant into the kitchen, showed her one can of acetone, and asked what it was used for. She replied that "she used the acetone to clean off her fingernails." The search of the house also led the agents to conclude that defendant and Luis occupied the front bedroom.

█ Defendant argued that the evidence was insufficient to sustain her conviction, but her contention was rejected by the district court. On appeal, she raises a number of issues but we find it necessary to address only the question of sufficiency.

█ A conspiracy may be established by circumstantial evidence, but the prosecution must prove that a defendant had the intent to commit the substantive offense, here to possess with intent to distribute cocaine. The government must also establish an intent to agree. *United States v. DeLutis*, 722 F.2d 902, 905 (1st Cir.1983). We review the evidence in the light most favorable to the government, but the record must be sufficient to warrant a jury's conclusion that the defendant was guilty beyond a reasonable doubt. *United States v. Paiva*, 892 F.2d 148, 160–61 (1st Cir.1989). Mere presence at the scene of a crime is insufficient to prove membership in a conspiracy. *See United States v. Francomano*, 554 F.2d 483, 486 (1st Cir. 1987). Similarly, a single isolated purchase of an illegal drug is not enough. *United States v. Izzi*, 613 F.2d 1205, 1210 (1st

Cir.1980). "There must be an agreement by the parties, not merely a getting together to consummate the transaction." *Id.*

In *United States v. Mehtala*, 578 F.2d 6 (1st Cir.1978), the defendant, a passenger on a ship used for the importation of marijuana, was convicted of aiding and abetting the offense. Although she shared the captain's cabin with him, the Court concluded that, in the absence of evidence that the defendant had any ownership interest in the illegal substance or knowledge that the ship was being used to transport drugs, the conviction could not stand. *Id.* at 10. As the Court said, "When the evidence is largely circumstantial the test is whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt." *Id.*

In *United States v. Soto*, 716 F.2d 989, 991–93 (2d Cir.1983), the Court found the evidence insufficient to convict the defendant of conspiracy although for three weeks she had lived in an apartment with drugs and guns in plain view. Indeed, the apartment was an active center for drug processing and distribution. In the Court's view, the fact that the defendant was trusted by the drug dealers and knew of their illegal activities was not enough to show that she was a participant in a conspiracy. *Id.* at 992.

In *United States v. Hyson*, 721 F.2d 856, 862–63 (1st Cir.1983), this Court determined that a defendant's occupancy of an apartment in which he knew hashish was stored was insufficient to establish that he was guilty of conspiracy. "There was no evidence as to how long the hashish was at the apartment.... [Defendant] may have known what was going on, but there is no evidence that he participated in the conspiracy." *Id.* at 863.

Similarly, the evidence here does not show that defendant was a member of the conspiracy. It is a fair inference that defendant knew what was going on, but that is not enough to establish intent to conspire. Although defendant shared the townhouse with convicted conspirator, Luis

Zuleta, there was no evidence that she participated in any meetings there or at other locations.

There was insufficient evidence to allow the jury to do other than impermissibly speculate that defendant was the woman who had gestured from the window. Defendant's comment about the acetone could support an inference that she was aware of cocaine being processed. Even when added to the other equivocal evidence, however, that inference is not enough to show more than mere awareness of Luis' and Jorge's activities.

It is significant that no one, including the informant, mentioned defendant's name. Indeed, the informant never saw or spoke to her, a factor mentioned in *United States v. Izzi*, 613 F.2d at 1210, where the evidence was found to be insufficient. In *United States v. DeLutis*, 722 F.2d at 907, we noted a similar lack of evidence and cautioned against attempting to prove conspiracies "by piling inferences upon inferences."

We are not satisfied that the record here contains the requisite quantity of proof that would justify a reasonable jury in concluding that defendant was guilty of conspiracy. Accordingly, the judgment of the district court is

*Reversed.*