[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2464

ARNALDO WILSON-LOPEZ,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

Arnaldo Wilson-Lopez on Petition for Certificate of Appealability, pro se.

---

JULY 24, 2001

**Per Curiam**.    Arnaldo Wilson-Lopez seeks a certificate of appealability (COA) to appeal from the denial of his motion pursuant to 28 U.S.C. § 2255. "It is well established that a party may not unveil an argument in the court of appeals that he did not seasonably raise in the district court." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). Therefore, we focus exclusively on the issues identified in this COA which were also raised below. Wilson-Lopez seeks to vacate his conviction following a guilty plea to Count One of the indictment, charging him with conspiracy to possess with intent to distribute in excess of 500 grams of heroin. He asks that his sentence be vacated and a new sentence imposed solely for his guilty plea to Count Five, charging him with carrying a firearm during and in relation to a drug trafficking offense.

The ground on which Wilson-Lopez seeks § 2255 relief is ineffective assistance of counsel in the form of 1) his attorney's failure to investigate and discover exculpatory evidence with respect to Count One and 2) her advice that petitioner plead guilty to Count One notwithstanding petitioner's protestations of innocence and inadequate factual support for the plea.[1]

---

[1] Petitioner raises a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) in his COA. Even assuming that such claim was raised before the district court, it is meritless.

-3-

Wilson-Lopez has not identified any exculpatory evidence that his attorney failed to discover in advance of his guilty plea, much less shown that such evidence "would have led counsel to change his recommendation to the plea." Hill v. Lockhart, 474 U.S. 52, 58 (1985).  Wilson-Lopez' attempt to rely upon certain affidavits of his co-defendants (included in their un-translated form as a supplement to his § 2255 motion) is unavailing.  The affidavits were provided to Wilson-Lopez prior to the time that he pled guilty and their evidentiary force depends on credibility determinations by the fact finder.

The record supports a finding that there was adequate factual support for the guilty plea. The evidence against Wilson-Lopez was strong.  He stipulated to arriving at the scene of the pre-arranged drug sale with two co-defendants who were directly involved in its negotiation.  There is a video tape of him remaining on the scene in his parked car, holding a semi-automatic weapon.  "Mere presence at the scene of a crime is insufficient to prove membership in a conspiracy." United States v. Ocampo, 964 F.2d 80, 82 (1st Cir. 1992).  On the other hand, "proof of direct participation in the sale of drugs is not required to convict in a drug conspiracy case." United States v.

Wilson-Lopez' sentence was below the 40-year statutory maximum and, therefore, there was no Apprendi-based error.

-4-

Marrero-Ortiz, 160 F.3d 768, 773 (1ˢᵗ Cir. 1998). And "the factfinder may fairly infer . . . that it runs counter to human experience to suppose that criminal conspirators would welcome innocent participants as witnesses to their crimes." United States v. Batista-Polanco, 927 F.2d 14, 18 (1ˢᵗ Cir. 1991).

We agree with the district court's statement in its Order and Opinion denying the § 2255 motion, that Wilson-Lopez did not "sufficiently detail how his participation in the conspiracy to rob an individual bringing money for the drug transaction was independent of the conspiracy to distribute narcotics." The evidence is to the contrary, suggesting that any plan to rob the purchaser of the drugs was in furtherance of the conspiracy to possess and distribute heroin.

Wilson-Lopez has failed to make a substantial showing of ineffective assistance of counsel. We agree with the district court's finding that defense counsel's recommendation that petitioner plead guilty to Count One was reasonable. The request for a certificate of appealability is denied.[2]

---

[2] To the extent that petitioner is arguing that his guilty plea was involuntary and unknowing because his attorney misrepresented the sentence he could receive if he did not plead guilty, that argument was rejected by this court on direct appeal and may not be relitigated on collateral review. See Singleton v. United States, 26 F.3d 233, 240 (1ˢᵗ Cir. 1994).

-5-