STATE of Iowa, Plaintiff–Appellee,

v.

**Lynette Marie NICKENS, Defendant–Appellant.**

**No. 00–1909.**

Court of Appeals of Iowa.

March 27, 2002.

Linda Del Gallo, State Appellate Defender, and Dennis Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget Chambers, Assistant Attorney General, John P. Sarcone, County Attorney, and Gary Kendall, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and MAHAN and HECHT, JJ.

HECHT, J.

## I. Background Facts and Proceedings.

On June 2, 2000, Des Moines police executed a search warrant at the residence of Lynette Nickens and Arniece Scott. Upon entry, authorities found Scott asleep on a mattress on the living room floor and Nickens and a companion, Jalynn Daye, asleep in the bedroom. On an end table in the living room, authorities found several small pieces of crack cocaine weighing 3.6 grams, drug "bindles" made of paper towels, and razor blades. Under the end table, police seized Scott's black daily planner, detailing names and dollar amounts, and two pairs of shoes containing $115.00 in cash. Three bags of crack cocaine weighing seventy-six grams and $4040.00 in cash were found hidden in the living room couch and a loaded Ruger revolver was found concealed underneath a living room chair. A small bag of marijuana and a marijuana pipe were found on the nightstand in the bedroom.

Nickens, Scott, and Daye were charged in a four count trial information with possession with intent to deliver more than fifty grams of crack cocaine in violation of Iowa Code section 124.401(1)(a)(3) (1999) (Count I), conspiracy to possess with intent to deliver more than fifty grams of crack cocaine in violation of section 124.401(1)(a)(3) (Count II), failure to possess a tax stamp in violation of sections 453B.3 and 453B.12 (Count III), and possession of marijuana in violation of section 124.401(5) (Count IV). Counts I and II also alleged immediate possession or control of a firearm, a sentencing enhancement pursuant to Iowa Code section 124.401(1)(e).

During pre-trial proceedings, the State offered a plea bargain to Nickens, Scott, and Daye in which the State would recommend a twenty-year sentence with a mandatory one-third minimum. The plea offer was a "package deal:" if all three co-defendants did not accept the offer, it would be withdrawn. Co-defendants Scott and Daye declined the offer. On September 29, 2001, Nickens's attorney filed a motion in the alternative to enforce plea or to withdraw. The district court denied the motion.

Trial convened from October 2 through October 5, 2000. The jury found Nickens guilty as charged and Daye was acquitted of Counts I, II, and III.[1] Nickens was given the following indeterminate sentences to be served concurrently: 100 years for Counts I and II due to the sentencing enhancement pursuant to section 124.401(1)(e), five years for Count III, and six months for Count IV. On appeal, Nickens contends the district court erred (1) in finding sufficient evidence to support her convictions, (2) in refusing to permit trial counsel to withdraw, and (3) in failing to accept her guilty plea. Nickens further alleges her trial counsel was ineffective in a number of respects. Because we find insufficient evidence Nickens possessed, or conspired to possess, more than fifty grams of crack cocaine while in the possession of a firearm, we reverse and remand on Counts I, II, and III; however, we find sufficient evidence Nickens possessed marijuana and affirm on Count IV.

## II. Sufficiency of the Evidence.

We review challenges to the sufficiency of the evidence for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We will uphold a finding of guilt if substantial evidence supports the verdict. *Id.* Substantial evidence is evidence upon which a rational trier of fact could find a defendant guilty beyond a reasonable doubt. *Id.* We view the evidence in the

---

1. Scott absconded prior to trial.

light most favorable to the State, but consider all of the evidence, not just the evidence that supports the verdict. *State v. Jacobs*, 607 N.W.2d 679, 682 (Iowa 2000). Circumstantial and direct evidence are equally probative. *State v. Boley*, 456 N.W.2d 674, 679 (Iowa 1990).

### A. Possession of a Controlled Substance and Firearm.

■ Nickens contends the district court erred in finding sufficient evidence to establish she possessed more than fifty grams of cocaine and that, while doing so, she was in immediate possession or control of a firearm. In particular, Nickens asserts she was in the bedroom when the police arrived, while the crack cocaine and firearm were found in the living room, exclusively within the immediate physical control of Scott.

■ Possession can be actual or constructive. *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997). A person is in actual possession of something on or around her person when she "has direct physical control" of it. *Id.* In this case, Nickens did not have direct physical control of the cocaine or the firearm; therefore, the State must establish she had constructive possession of both items. *See State v. McDowell*, 622 N.W.2d 305, 308 (Iowa 2001) (Ternus, J. concurring specially) (analogizing prior case law which addressed constructive possession of a controlled substance with immediate control of a firearm).

■ A person is in constructive possession of something when, although she does not have actual possession of it, she "has knowledge of the presence of [it] and has the authority or right to maintain control of it either alone or together with someone else." *Maghee*, 573 N.W.2d at 10. In order to prove constructive possession when the accused does not exclusively possess the premises, but jointly possesses it, the State must show "evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the [items] on the premises." *McDowell*, 622 N.W.2d at 308 (Iowa 2001) (quoting *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973)).

Nickens contends the State failed to establish her knowledge of the presence of the cocaine and firearm and her ability to maintain control over them. We agree. The circumstantial evidence on which the State relies to establish Nickens's knowledge is limited to the size of the apartment and the drug paraphernalia found therein. *See State v. Atkinson*, 620 N.W.2d 1, 4–5 (Iowa 2000) (holding defendant's physical proximity to drugs is insufficient to constitute constructive possession, state must show dominion and control). The State failed to present any witnesses who testified to Nickens's knowledge of the cocaine and the firearm found within the immediate reach of Scott. The State further failed to present any incriminating statements by Nickens regarding her knowledge of the items or circumstances from which a jury might lawfully infer knowledge. *See Reeves*, 209 N.W.2d at 23 (holding defendant's incriminating statements constituted sufficient evidence of constructive possession).

Moreover, one of the State's witnesses specifically testified the cocaine and firearm were not in plain view, but were hidden within a couch and under a chair. We find this testimony does not infer knowledge on the part of Nickens, but a lack thereof. *See McDowell*, 622 N.W.2d at 308 (finding State failed to present sufficient evidence of defendant's constructive possession of firearm which was found in a purse in the bedroom closet); *see also*

*Atkinson,* 620 N.W.2d at 4–5. Furthermore, this testimony lends support to Nickens's argument the cocaine and firearm were in the immediate physical control of Scott, who was sleeping near the revolver, the cocaine, and her date book.

Accordingly, we reverse Nickens's conviction for possession with intent to deliver a controlled substance while in immediate possession or control of a firearm. Moreover, because the tax stamp conviction is also dependent on Nickens's possession of the illegal substance, that conviction must also be reversed.

### B. Conspiracy.

■■■■ Section 124.401(1) of the Iowa Code states "it is unlawful for any person to ... conspire with one or more other persons to ... possess with the intent to ... deliver a controlled substance." *See* Iowa Code § 124.401(1). "A conspiracy is a combination or agreement between two or more persons to do or accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner." *State v. Ross,* 573 N.W.2d 906, 914 (Iowa 1998); *see also* Iowa Code § 706.1(1) (defining the crime of conspiracy). An agreement, in turn, is "a mental confederation involving at least two persons." *State v. Speicher,* 625 N.W.2d 738, 741–42 (Iowa 2001) (citations omitted). Such a confederation may be "inferred from the circumstances, especially declarations, acts, and conduct of the alleged conspirators." *State v. Mapp,* 585 N.W.2d 746, 748 (Iowa 1998) (citations omitted).

Nickens contends the State failed to present sufficient evidence from which a jury could properly infer she agreed to participate or aid in the underlying drug-related activity. We agree. At trial, the State presented evidence regarding the items seized in Nickens's and Scott's apartment. The State further presented evidence of Daye's previous involvement with authorities. However, this evidence does not support the finding Nickens agreed with Scott, Daye, or anyone else to possess a controlled substance. *See Speicher,* 625 N.W.2d at 742–43 (reversing a conviction for conspiracy to manufacture methamphetamine although law enforcement officers smelled ether coming from a garage and observed the defendant and another man leave the garage, the men attempted to run away from the officers, and a meth lab was found in the garage). "Without proof of any involvement from which to infer agreement, this essential element of the [conspiracy] offense rests on nothing but conjecture and speculation." *Id.*

The State further presented evidence Nickens resided in the apartment in which the cocaine and firearm were found; however, it does not necessarily follow a reasonable jury could find Nickens guilty beyond a reasonable doubt of being part of a conspiracy to possess a controlled substance because she lived in a small apartment where drugs were found. *See United States v. Ocampo,* 964 F.2d 80, 82–83 (1st Cir.1992) (reversing a conviction for conspiracy to distribute cocaine although the defendant shared a small apartment with her alleged co-conspirator and a beeper, drug paraphernalia, and 2.5 kilos of cocaine were found at the apartment); *Clayton v. State,* 582 So.2d 1019, 1022–23 (Miss.1991) (reversing a conviction for conspiracy to distribute cocaine although the defendant shared a mobile home with her alleged co-conspirator, shouted a warning when law enforcement officers entered the mobile home, and had cocaine residue in her purse); *Com. v. Ocasio,* 422 Pa.Super. 272, 619 A.2d 352, 354–55 (1993) (reversing a conviction for conspiracy to distribute cocaine although the defendant was a resident of a house where officers found signif-

icant amounts of cocaine and cash and defendant had over $400 of cash in small denominations in his pocket).

We conclude the evidence of a conspiracy is missing in the record before us. We therefore find a reasonable jury could not convict Nickens guilty beyond a reasonable doubt of being part of a conspiracy to possess a controlled substance with intent to deliver. Accordingly, we reverse Nickens's conviction on that offense.

### C. Possession of Marijuana.

█ Nickens challenges the sufficiency of the evidence to support her conviction for possession of marijuana. Applying the analysis regarding possession set forth above, we find substantial evidence for a reasonable jury to conclude Nickens was in actual possession of the marijuana. The marijuana was found on the nightstand next to the bed in which she was sleeping, providing Nickens with direct physical control of the marijuana. Accordingly, we affirm on this issue.

### III. Conclusion.

Because we find insufficient evidence Nickens possessed, or conspired to possess, a controlled substance while in the possession of a firearm, we reverse on Counts I, II, and III and remand for entry of judgment of acquittal on those charges. Accordingly, we need not address the other errors alleged on appeal.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**