# IN THE COURT OF APPEALS OF IOWA

No. 19-1691
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY E. HUMMELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, Mary Ann Brown (first trial) and John M. Wright (second trial), Judges.

A defendant appeals his conviction for possession of methamphetamine, second offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

A jury convicted Jeffrey Hummell of possessing a controlled substance. Hummell now appeals, challenging the sufficiency of the evidence.[1] He asserts the State failed to prove beyond a reasonable doubt that he knowingly and intentionally possessed the methamphetamine found in his pocket. After considering the evidence in the light most favorable to the jury's verdict, we find the State met its burden of proof. Thus, we affirm Hummell's conviction.

## I.      Facts and Prior Proceedings.

On July 15, 2018, Hummell and his then-girlfriend, Micki, used methamphetamine together. That same night, Hummell held an unloaded gun to Micki's head. She left to stay with family and friends for a few days but eventually checked into the Super 8 motel in Mount Pleasant. When Micki awoke on July 18, she heard her car alarm going off in the parking lot and discovered many missed calls and text messages from Hummell. Concerned and assuming Hummell followed her, Micki called the police.

Sergeant Mike Stalder reported to the Super 8 parking lot. Dispatch identified the suspect as Hummell, but Stalder did not know him. When Stalder arrived, he did not hear a car alarm, nor did he see any criminal activity. As Stalder checked Micki's car for damage, Hummell walked out of the hotel. Stalder asked for his name, and Hummell responded, "What's it to you?" During this interaction,

---

[1] Hummell mentions his conviction for interference with official acts in his statement of the case but fails to provide legal arguments on the interference conviction within his brief. So he waives any challenge to that conviction. *See* Iowa R. App. P. 6.902(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Hummell refused to reveal his identity, angled away from Stalder, kept a hand in his pocket, and refused to remove it upon request.[2]

Stalder arrested Hummell for interfering with official acts in violation of Iowa Code section 719.1(1)(b) (2018). During the arrest, Hummell struggled mightily, prompting Stalder to call for backup. Based on this showing of combativeness and nearly "super human" strength, the police believed Hummell was under the influence of methamphetamine.

During a search incident to arrest, the police discovered pieces of a broken glass vial and rubber tubing with a visible white powdery substance in Hummell's pocket. When asked about this discovery, Hummell claimed he was in the habit of picking up random items off the ground and putting them in his pocket. The police believed the powdery substance was methamphetamine and sent the evidence in for testing. A criminalist at the state crime lab rinsed the glass and tubing with methanol and confirmed the residue was methamphetamine. The State then charged Hummell with possession of methamphetamine in violation of Iowa Code section 124.401(5).

When Hummell first stood trial in July 2019, the jury convicted him on the charge of interference with official acts. But the jury could not decide the methamphetamine charge, so the court declared a mistrial on that count. After a second trial in September, the jury found Hummell guilty of methamphetamine possession. Hummell stipulated the conviction was his second offense. The court sentenced him to two years' imprisonment for the possession charge, plus thirty

---

[2] Stalder testified to this exchange during the first trial when the jury convicted Hummell of interference with official acts.

days of incarceration for the interference charge, to be served concurrently. The court suspended the sentence and placed Hummell on probation for two years. Hummell appeals the methamphetamine conviction on sufficiency of the evidence grounds.

## II.      Standard of Review

We review challenges to the sufficiency of evidence for correction of legal error. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). We will uphold the verdict if it is supported by substantial evidence. *Id.* We consider evidence to be substantial when "a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the State. *See State v. Chapman*, 944 N.W.2d 864, 871 (Iowa 2020). "[T]he evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Id.*

## III.      Analysis

On appeal, Hummell contends the State failed to prove with sufficient evidence that he knowingly possessed methamphetamine. To support this conviction, the State had to prove beyond a reasonable doubt:

1. On or about July 18, 2018, the defendant knowingly and intentionally possessed methamphetamine.

2. The defendant knew the substance he possessed was methamphetamine.

Under that jury instruction, the State had to prove Hummell "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). "The knowledge required for the [knowing possession]

elements can be, and because of their subjective nature often must be, inferred." *State v. Pore*, No. 03-0784, 2004 WL 1254318, at *3 (Iowa Ct. App. June 9, 2004).

Hummell concedes the State proved he possessed methamphetamine. But he argues the State did not show that his possession was knowing and intentional. Hummell emphasizes his excuse that he picked up the items from the ground and placed them in his pocket without knowing they carried methamphetamine residue. He cites *State v. Pirtle*, in which the defendant contested his guilty plea after police found methamphetamine in his pants pocket. No. 14-1677, 2015 WL 6509101, at *1 (Iowa Ct. App. Oct. 28, 2015). Pirtle argued: "[T]o admit one possesses methamphetamine, one must necessarily know that he was in possession of methamphetamine. Theoretically, one might possess a substance without prior knowledge that he was in possession." *Id.* But there we found a factual basis for the guilty plea because it was reasonable to infer Pirtle knew the contents of his pants pocket. *Id.*

In the same vein, the State argues the jury could have inferred Hummell's knowledge of the residue from his familiarity with the drug given his recent use. Hummell counters that Micki's testimony about their methamphetamine use three days before the search had no connection to his possession. Hummell also asserts that the State offered no testimony explaining how the residue came into contact with the glass and tubing. Plus, law enforcement did not find other drugs when searching Hummell and his vehicle. For those reasons, according to Hummell, the State failed to sufficiently establish his knowledge.

Hummell's argument is much like the challenge we rejected in *State v. Allie*, No. 17-0190, 2018 WL 739297 (Iowa Ct. App. Feb. 7, 2018). A deputy found a

baggie containing visible white powder in Allie's pocket. *Allie*, 2018 WL 739297 at *2. Allie claimed not to know the powder was contraband and challenged the sufficiency of the evidence supporting the knowledge element. *Id.* The court held the jury was free to infer Allie's knowledge based on the fact that the powder was visible. *Id.* (citing *State v. Simpson*, 587 N.W.2d 770, 774 (Iowa 1998)). Here, both the police officer and the criminalist testified to seeing white and brown residue on the tubing and glass found in Hummell's pocket. The jury was free to infer his knowledge based on that testimony. *See id.*

Without doubt, Hummell possessed items bearing methamphetamine residue. *See State v. Nickens*, 644 N.W.2d 38, 41 (Iowa Ct. App. 2002). The question then turns to whether he knew the nature of the residue. Because knowledge is a subjective element, the jury could rely on reasonable inferences in deciding its verdict. *See Pore*, 2004 WL 1254318, at *3. The jurors heard testimony on Hummell's drug use from his past girlfriend. And they heard an opinion from an experienced police officer that Hummell appeared to be under the influence at the time of the arrest. The jurors could believe that evidence and reasonably infer that Hummell knew the residue visible on the items in his pocket was methamphetamine. *See Allie*, 2018 WL 739297, at *2; *see also State v. Clemons*, No. 19-0642, 2020 WL 2487617, at *3 (Iowa Ct. App. May 13, 2020) ("Knowledge of the narcotic character . . . of the drug, as well as of their presence . . . may be shown by the conduct, behavior and declarations of the accused." (quoting *State v. Reeves*, 209 N.W.2d 18, 22 (Iowa 1973))).

What about Hummell's claim that he scavenged random items off the ground? "The jury members were free" to give his claim "such weight as they

thought it should receive"—meaning the jury was "free to accept or reject" it completely. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). The guilty verdict shows the jury rejected that scavenger theory. Viewing the verdict in the light most favorable to the State, we find substantial evidence in the record to support the conviction. *See Tipton*, 897 N.W.2d at 692.

**AFFIRMED.**