**IN THE SUPREME COURT OF IOWA**

No. 38 / 04-0810

Filed August 4, 2006

**STATE OF IOWA**,

Appellee,

vs.

**ADAM DONALD MUSSER**,

Appellant.

Appeal from the Iowa District Court for Johnson County, L. Vern Robinson, Judge.

Defendant appeals his conviction of criminal transmission of human immunodeficiency virus in violation of Iowa Code section 709C.1(1)(*a*) (2001). **AFFIRMED.**

Linda Del Gallo, State Appellate Defender, and Stephan Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, J. Patrick White, County Attorney, and Anne Lahey, Assistant County Attorney, for appellee.

**PER CURIAM.**

The defendant, Adam Musser, appeals his conviction of criminal transmission of human immunodeficiency virus (HIV) in violation of Iowa Code section 709C.1(1)(*a*) (2001). With the exception of an insufficiency-of-the-evidence claim, the issues raised on appeal in this case duplicate those raised in two other appeals brought by this defendant from two additional convictions for criminal transmission of HIV. *See State v. Musser*, ___ N.W.2d ___ (Iowa 2006) (affirming conviction in case no. 04-0809); *State v. Musser*, ___ N.W.2d ___ (Iowa 2006) (affirming conviction in case no. 04-0719). We found no merit in the issues raised by the defendant in those cases and will rely on our opinions there to dispose of the common claims made here.

As for the remaining issue, we conclude the evidence is sufficient to support the jury's guilty verdict. Therefore, we affirm the judgment of conviction and sentence entered in this case.

Musser argues the evidence was insufficient to support a finding that the victim did not know he was HIV positive.[1] We review a challenge to the sufficiency of the evidence for correction of errors of law. *See State v. Corsi*, 686 N.W.2d 215, 218 (Iowa 2004). " 'Evidence is substantial if it could convince a rational jury of the defendant's guilt beyond a reasonable doubt.' " *Id.* (citation omitted). "In assessing the sufficiency of the evidence, we consider all the evidence in the record, but we view the record in the light most favorable to the State." *Id.*

The victim testified she met the defendant in June 2002, and they first had sexual intercourse late that month. She said the defendant did

---

[1]Although the victim's consent is an affirmative defense under chapter 709C, *see* Iowa Code § 709C.1(5), the trial court included the victim's lack of knowledge of the defendant's HIV-positive status as an element of the State's case.

not use a condom, and he did not tell her "anything [she] needed to worry about such as sexually transmitted diseases, HIV, anything."

Later that summer, the victim heard rumors from her sister that the defendant was HIV positive. She confronted the defendant with this information in September 2002, but the defendant denied he was infected with HIV and claimed he had no idea why anyone would say he was. The victim testified she believed the defendant, and they resumed their physical relationship. Between September 2002 and January 2003, the couple engaged in sexual intercourse about twelve more times, sometimes using a condom and sometimes not. According to the victim, the defendant never informed her he was HIV positive.

The victim testified that in February 2003, she was told by a reliable source that the defendant was HIV positive. She then informed the local police.

The defendant testified that he and the victim had a sexual relationship, but he stated he told her prior to their first sexual encounter that he was HIV positive. He further asserted that he used a condom every time they engaged in sexual intercourse.

The State called the victim's sister as a rebuttal witness. She testified she was told by a friend that the defendant was HIV positive. When she passed this information along to her sister, the victim, the victim appeared shocked.

The testimony on what the victim knew was conflicting. This factual dispute was for the jury to resolve:

> "It is not the province of the court, in determining [a] motion [for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury."

*State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted); *see also State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999) (stating "credibility was for the jury to decide"). The jury could have found, based on the victim's testimony, that she did not know, prior to engaging in sexual intercourse with the defendant, that he was HIV positive. Therefore, the trial court correctly refused to grant a judgment of acquittal on the assumption the jury would believe the defendant's testimony that he told the victim before their first sexual encounter of his positive HIV status.[2]

Finding the evidence sufficient to support the jury's guilty verdict, we affirm the defendant's conviction and sentence.

**AFFIRMED.**

This opinion shall not be published.

---

[2]The defendant also argues on appeal that the evidence was insufficient to prove he had "intimate contact" with the victim. This issue was not raised in Musser's motion for judgment of acquittal. Therefore, error was not preserved, and we will not consider this issue on appeal. *See State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996).