[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
We filed an opinion deciding the appeal in this case on February 14, 2007, but subsequently granted the plaintiff-appellee State of Iowa's petition for rehearing. Our February 14, 2007 decision is therefore vacated and this opinion replaces it.
Michael Byron Abrahamson appeals his conviction for manufacturing methamphetamine. He contends through counsel that he was denied the right to speedy trial,[1] the trial court erred by admitting evidence of prior bad acts, and the trial court erred in allowing a recording into evidence in violation of the Confrontation Clause. He also raises nine issues in a pro se appellate brief. We reverse.
On April 30, 2004, Abrahamson was charged with conspiracy to manufacture methamphetamine in violation of Iowa Code section124.401(1)(b)(7) (2003). On July 26, 2004, Abrahamson, who had already at arraignment demanded speedy trial, filed a motion demanding speedy trial. The district court held a hearing on July 27. It and the parties appear to have treated Abrahamson's motion as a motion to dismiss on speedy trial grounds. The court denied the motion and continued trial from July 28 to August 25, 2004, finding good cause to try Abrahamson after ninety days[2] because he had earlier at his request spent thirty-one days, ending July 16, in inpatient substance abuse treatment. On August 13, 2004, the State moved to dismiss the trial information without prejudice pursuant to Iowa Rule of Criminal Procedure 2.33(1). The State asserted that: "In the interest of justice, prosecution of this case should be dismissed." On the same date and without hearing the district court summarily sustained the motion and the State filed a new trial information. The new information again charged Abrahamson with the same conspiracy to manufacture methamphetamine (Count II), but additionally charged him with manufacturing methamphetamine (Count I), also in violation of Iowa Code section124.401(1)(b)(7), arising out of the same incident. Abrahamson had recently been appointed new counsel and at an arraignment held on August 13 asked for time in order to allow him to adequately prepare for trial. The court stated that because a new trial information had been filed the ninety-day speedy trial time period began to run again from August 13 and scheduled trial for October 13, 2004.
Over the next several months Abrahamson filed a number of motions to dismiss, both pro se and through two different appointed attorneys, asserting in part that the new trial information violated his speedy trial rights, arguing the manufacturing and conspiracy charges were alternative means of committing the same offense. A hearing was held on all pending motions on April 4, 2005, and the district court entered a combined written order the same day.[3]
In its order the district court denied in part and granted in part the motion to dismiss based on a violation of Abrahamson's speedy trial rights. It granted the motion on the conspiracy to manufacture charge (Count II) but denied it as to the manufacturing charge (Count I). Specifically, the court concluded the previous order granting the State's motion to dismiss "was without sufficient record as to the basis of `In the Interest of Justice' and is therefore not a valid dismissal." Thus, the court determined that because the conspiracy to manufacture charge was not tried within the ninety-day time period from the filing of the original trial information (April 30, 2004), plus the additional time allowed by the court and "ending about August 30, 2004", the conspiracy count had to be dismissed with prejudice on speedy trial grounds and the State was precluded from refiling it in a new trial information. This April 4, 2005 order has never been challenged by the State, either in the district court or by way of a cross-appeal.
On July 11, 2005, Abrahamson filed an amended and substituted plea of not guilty and former acquittal, and moved the court to dismiss the remaining charge of manufacturing methamphetamine. He cited cases, some of which are cited later in this opinion, that hold conspiracy to manufacture a controlled substance, manufacturing the controlled substance, and possession with intent to manufacture the controlled substance, are merely different forms of a single offense, a violation of section124.401(1). Abrahamson argued in relevant part that the April 4, 2005 order was "equivalent to an acquittal [on the conspiracy charge] . . . because a defendant whose case is dismissed on speedy trial grounds cannot be retried (sic) on the same charge." The case proceeded to jury trial on the manufacturing charge on July 13, 2005. Prior to the start of trial the district court declined to dismiss that charge. The jury found Abrahamson guilty as charged and the court sentenced him to an indeterminate term of imprisonment not to exceed twenty-five years.
Abrahamson appeals his conviction, contending he was denied his right to a speedy trial, and the trial court erred by admitting evidence of prior bad acts and in allowing a recording into evidence in violation of the Confrontation Clause. He also raises nine issues in a pro se appellate brief. As related to the sole issue we find it necessary to address, he argues that manufacturing methamphetamine and conspiracy to manufacture methamphetamine are alternative means of committing the same offense and thus the district court's dismissal of the conspiracy charge for a violation of his right to a speedy trial precluded the State from trying him on the manufacturing charge.
We review speedy trial issues for corrections of errors at law.State v. Miller, 637 N.W.2d 201, 204 (Iowa 2001).
Two factors must exist in order to preclude refiling of charges once dismissed under rule 2.33(2)(b): (1) the charge originally dismissed must have been dismissed for speedy trial reasons, not in the "furtherance of justice"; and (2) the second charge must be for the same offense as originally charged.State v. Fisher, 351 N.W.2d 798, 801 (Iowa 1984) (citing State v. Moritz, 293 N.W.2d 235, 238 (Iowa 1980)). Here, the first question was specifically and expressly answered by the district court in its April 4, 2005 order and has not been challenged by the State. As set forth above, the court concluded the original dismissal "in the interest of justice" was not valid and instead the original conspiracy charge must be dismissed with prejudice on speedy trial grounds.
Thus, the only remaining question before us is whether the second charge, for manufacturing methamphetamine, was the same as the original charge for conspiracy to manufacture methamphetamine.
In State v. Williams, 305 N.W.2d 428, 429-30 (Iowa 1984), the defendant was charged in separate counts with possession of a controlled substance with intent to deliver it for profit, delivery of the controlled substance for profit, and conspiracy to manufacture, deliver, or possess with intent to deliver it, all under section 240.401(1)(a) (1977). There, our supreme court determined that Iowa Code section 204.401, which became section 124.401 (2003), was a drug trafficking statute providing alternative means of committing the same offense.Williams, 305 N.W.2d at 431-32. The court concluded the conspiracy charge was not a wholly new and different offense but simply one of the alternative means of violating section 204.401. Id. In addition, the court determined that for double jeopardy purposes the defendant could be convicted and sentenced for only a single offense, a violation of section 204.401. It reversed and remanded the case for resentencing for a single offense. Id. at 434. The holdings inWilliams have been subsequently reaffirmed. SeeState v. Maghee, 573 N.W.2d 1, 7 (Iowa 1998) (holding conspiracy under section 124.401(1) is merely one alternative means of violating section 124.401 and not an offense separate from possession with intent to deliver under the same statue);see also State v. Corsi, 686 N.W.2d 215, 222 (Iowa 2004) (concluding it was not error to put three different methods of violating section 124.401 in one instruction, thus allowing jurors to find a violation of the statute on different, alternative methods of violating that statute).
Based on the case law set forth above, we conclude manufacturing methamphetamine and conspiracy to manufacture methamphetamine are merely alternative ways of committing the same offense, simply different means of violating section124.401(1). Therefore, because the original charge was dismissed for speedy trial reasons and not in the "furtherance of justice," and the manufacturing charge was for the same offense as the original charge, the State was precluded from filing and proceeding on the manufacturing charge. See State v.Johnson, 217 N.W.2d 609, 612 (Iowa 1974) (holding that a dismissal for failure to provide a speedy trial "shall be an absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense"). The district court erred by denying Abrahamson's motion to dismiss the manufacturing charge. The court should have dismissed it also for a violation of Abrahamson's right to a speedy trial. Accordingly, Abrahamson's conviction for manufacturing methamphetamine must be reversed. Because we are reversing the conviction on the speedy trial issue we do not address Abrahamson's other claims.
REVERSED.
[1] The State agrees with Abrahamson that he has preserved error on this issue, the only issue we find it necessary to address.
[2] See Iowa R. Crim. P. 2.33(2)(b) (requiring trial within ninety days of indictment absent waiver of right to speedy trial or good cause to the contrary).
[3] Abrahamson had also filed motions to dismiss based on the insufficiency of the State's case and due to vindictive and malicious prosecution. The court denied those motions.