**IN THE COURT OF APPEALS OF IOWA**

No. 13-1992
Filed February 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVON ANTWON WRIGHT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Davon Wright appeals his conviction for domestic abuse assault. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Davon Wright appeals his conviction following a jury verdict finding him guilty of domestic abuse assault—third or subsequent offense. Wright claims the district court erred in admitting hearsay testimony from a 911 call recording and the admission violated the Confrontation Clause. He also claims the district court erred in denying his motion for judgment of acquittal based on insufficient evidence. We affirm Wright's conviction.

At approximately 5:30 a.m. on March 23, 2013, C.W., the alleged victim, made a 911 phone call and tearfully told the operator: "Davon Wright just beat the shit out of me." "He just beat the shit out of me in front of my baby." C.W. stated she grabbed the baby and snuck out of the house as soon as she could, and then drove to her mother's house. C.W. made the call from her car during the 1.6 mile trip between the residences and was very emotional throughout the call, as a baby cried in the background.

Davenport police officer Panich responded to the call. He reported C.W. had facial injuries including swollen eyes, redness to the face, and bruising. C.W. also told Panich that Davon Wright had caused her injuries.

At trial C.W. testified she had been living in a residence shared with Wright at the time of the incident, Wright was her boyfriend, and they are the parents of a one-year-old child. When asked about the March 23 incident, C.W. testified a woman named "Kiera," not Wright, assaulted her outside a bar in East Moline, Illinois. C.W. claimed Wright had been cheating on her with Kiera. C.W. testified she accused Wright of causing her injuries as she was mad at him

because of his affair. She also testified that after the assault, she went to Wright's sister's house and picked up the couples' one-year-old child; she then made the 911 call as she drove to her mother's house.

C.W. shared the story about Kiera for the first time the morning before trial when she texted the story to Wright's defense counsel. Previously, C.W. had written a letter sharing her belief the charges against Wright should be dropped since she needed his help raising their one-year-old child.

The jury found Wright guilty of domestic abuse resulting in bodily injury and domestic assault; the two offenses were ultimately merged for sentencing.

We review the admissibility of hearsay evidence for errors at law. *State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003). We give deference to the factual findings of the district court. *State v. Long*, 628 N.W.2d 440, 445 (Iowa 2001). "If a court's factual findings with respect to application of the hearsay rule are not 'clearly erroneous' or without substantial evidence to support them, they are binding on appeal." *Id.* (citation omitted). We review Wright's Confrontation Clause claim de novo. *State v. Schaer*, 757 N.W.2d 630, 633 (Iowa 2008). We review Wright's sufficiency-of-the-evidence claim for errors at law. *State v. Corsi*, 686 N.W.2d 215, 218 (Iowa 2004). We uphold a verdict if substantial evidence supports it. *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002).

Wright first claims the district court erred in determining the 911 call recording was admissible hearsay under the excited utterance exception to the hearsay rule and not in violation of the Confrontation Clause. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801. "Hearsay is not admissible except as provided by the Constitution of the state of Iowa, by statute, by the rules of evidence, or by other rules of the Iowa Supreme Court." Iowa R. Evid. 5.802. An exception to the hearsay rule is an "excited utterance," defined as: "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Iowa R. Evid. 5.803(2). "The rationale behind the exception is that statements made under the stress of excitement are less likely to involve deception than if made upon reflection or deliberation." *State v. Tejeda*, 677 N.W.2d 744, 753 (Iowa 2004). In determining whether a statement qualifies as an excited utterance, the trial court considers:

> (1) the time lapse between the event and the statement, (2) the extent to which questioning elicited the statements that otherwise would not have been volunteered, (3) the age and condition of the declarant, (4) the characteristics of the event being described, and (5) the subject matter of the statement.

*State v. Atwood*, 602 N.W.2d 775, 782 (Iowa 1999).

The circumstances surrounding C.W.'s statements in the 911 call recording support the district court's ruling the statements were excited utterances. The time between the assault and the statement was minimal since she had stated Wright "*just* beat the shit out of me." Further, the statement was given with little or no prompting by the 911 operator. The 911 operator merely asked what was "going on" and asked other questions to understand the status of the situation. Finally, the event described by C.W.—reflected in the subject

matter of her statement and her physical condition—is one that would illicit excitement in C.W. The court did not err in admitting the 911 phone call.

Wright next claims the admission of the 911 phone call violated the Confrontation Clause. If a hearsay statement made by a declarant who does not appear at trial is testimonial, evidence of that statement is not admissible under the Confrontation Clause unless the declarant is unavailable to testify at trial and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59–60 (2004). C.W. testified at trial concerning the 911 phone call and was cross-examined by Wright's counsel. Therefore, Wright's Confrontation Clause claim fails.

Finally, Wright claims the district court relied on insufficient evidence in denying his motion for judgment of acquittal. "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence. *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001). Direct and circumstantial evidence are equally probative. Iowa R. App. P. 6.904(3)(p). Viewed in the light most favorable to the jury's verdict, the evidence supports Wright's conviction for domestic abuse assault. C.W. identified Wright as the attacker. Even though she later recanted her statement, the jury could reasonably assess her credibility. We find the district court did not err in denying Wright's motion for judgment of acquittal.

**AFFIRMED.**