# IN THE COURT OF APPEALS OF IOWA

No. 16-1612
Filed December 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RYAN DELMAR EASTER,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, David N. May, Judge.

    Ryan Easter appeals following conviction for operating while under the influence. **AFFIRMED.**

    Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

    Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Ryan Easter appeals following conviction for operating while under the influence (OWI), second offense. Finding no abuse of discretion or error of law, we affirm.

Easter was clocked driving fifty-four miles per hour in a thirty-five-mile-per-hour zone. Police Officer Andrew Wierck was following Easter and turned on the overhead squad car lights and spot light. Easter proceeded a block, turned left, and then turned right, pulling into a driveway. Officer Wierck approached Easter and detected the odor of alcoholic beverages. Easter declined to participate in field sobriety tests. Officer Wierck arrested him for speeding and transported Easter to the police station for investigation of OWI. Easter refused to consent to any chemical testing.

At trial, Officer Wierck testified about the traffic stop and also stated, "As I spoke with him, I could tell he had some slurred speech and that his eyes were bloodshot." When asked, Easter stated he was coming from a bar/concert and that he had consumed beer and a shot of Crown Royal, he felt he was safe to drive, and he would not submit to field sobriety testing as he was in his own driveway. Officer Wierck also testified Easter would not consent to a breath test or any other testing while at the police station. The officer testified he believed Easter was under the influence of alcohol. On cross-examination, Officer Wierck conceded that the odor of an alcoholic beverage may vary depending on the type of beverage consumed and that the odor alone cannot be relied upon to determine an individual's blood alcohol content. Officer Wierck also acknowledged Easter had used his turn signals, had been at an appropriate

speed to turn corners, and complied with the officer's requests and demands. The officer also testified Easter was within his rights to refuse the field sobriety and breathalyzer tests.

Officer Michael Dixon testified he arrived as a backup at the scene of the traffic stop. Officer Dixon stated: "[W]hile standing there just observing I could smell the odor of an alcoholic beverage coming from him. As I got a little close to him, I could see that his eyes were bloodshot and watery, some of his speech was slightly slurred."

The district court denied Easter's motion for directed verdict, finding the officers' testimony and the video of the traffic stop provided sufficient evidence to present the matter to the jury.

During closing arguments, the prosecutor made the following statement:

> Now, the big question here, one that you're not going to find in your jury instructions but one that's probably sitting in the back of your head, your common sense is begging you to answer, is why? Why didn't he take those tests?
> Ladies and gentlemen, he didn't take those tests because he knew he would fail each and every—

The defense objected, an unrecorded bench conference was held, and the court overruled the objection. The prosecutor continued:

> Ladies and gentlemen, he knew he wasn't going to pass those tests. Recall what he said he had to drink that night: some beer and Crown Royal. If it was that little and that insignificant to him, why wouldn't he take the test?

The jury found Easter guilty of OWI. Easter stipulated to a prior OWI conviction. In a motion for new trial, Easter maintained the verdict was contrary to the weight of the evidence and the State had improperly shifted the burden of

proof. The court denied the motion for new trial and entered judgment and sentence.

Easter now appeals, contending there is insufficient evidence to support the conviction, the verdict is contrary to the weight of the evidence, and the prosecutor engaged in misconduct by shifting the burden of proof to the defendant. Specifically, Easter contends the video evidence contradicted the testimony of the officers concerning evidence of intoxication.

"We review sufficiency-of-the-evidence claims for correction of errors at law." *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We consider all the evidence viewed in the light most favorable to upholding the verdict. *Id.* "If the jury's verdict is supported by substantial evidence, it is binding on the court." *State v. Corsi*, 686 N.W.2d 215, 218 (Iowa 2004). Here, both officers who encountered Easter recognized signs of intoxication and testified accordingly. Because issues such as conflicts in the evidence, the credibility of witnesses, and the proper weight of the evidence are matters for the jury, *see State v. Hutchison*, 721 N.W.2d 776, 780 (Iowa 2006), we do not set aside the verdict here.

The supreme court recently addressed a motion for new trial based on a weight-of-the-evidence claim in *State v. Shorter*, 893 N.W.2d 65, 71 (Iowa 2017). The court noted the district court employs a test "more searching than the sufficiency-of-the-evidence test, involv[ing] questions of credibility, and requir[ing] the district court to determine whether more credible evidence supports one side or the other." *Shorter*, 893 N.W.2d at 70. But trial courts are cautioned not to ignore the deference owed to the jury's credibility determinations. *Id.* at 71. A

new trial should only be granted in "exceptional cases" where the evidence "preponderates heavily against the verdict." *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003) (citation omitted). Giving the jury's inferred credibility finding the deference it is due, we cannot say the trial court abused its discretion in denying Easter's motion for new trial.

We need not address Easter's claim of error as to the closing argument because the record does not specify the basis or ground of the objection, leaving us no way to review the trial court's ruling.[1] *See State v. Maghee*, 573 N.W.2d 1, 8 (Iowa 1997) (noting general objections fail to preserve error).

**AFFIRMED.**

---

[1] An objection was made followed by an unreported bench conference. The court then stated, "For the record, after consideration of the objection, it's overruled. Counsel may proceed."

Easter also asserts the State shifted the burden of proof during voir dire. However, no objection was made during voir dire, and therefore, none is preserved for our review. *See State v. Childs*, 898 N.W.2d 177, 181 (Iowa 2017) (discussing preservation of error).