# IN THE COURT OF APPEALS OF IOWA

No. 19-0217
Filed June 17, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARY ANN STRICKLER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Mary Strickler appeals her conviction of conspiracy to commit theft. **REVERSED AND REMANDED.**

Robert G. Rehkemper of Gourley, Rehkemper, & Lindholm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Mary Strickler appeals her conviction of conspiracy to commit theft. She argues (1) insufficient evidence was presented in support of her conviction and the district court erred in denying her motion for judgment of acquittal; (2) the trial court erred in denying motions to dismiss; (3) the district court issued an errant jury instruction; (4) inadmissible hearsay evidence was admitted; and (5) the inadmissible hearsay evidence was also in violation of Strickler's constitutional rights under both the United States and Iowa Constitutions.

## I.  Background Facts and Proceedings

Strickler was hired as an elementary teacher by Main Street Montessori and Middle School (Main Street) in 2014. Main Street was a private school founded by Tanya Apana and governed by a board of directors (board). During her time as a teacher at Main Street, Strickler supplied her classroom with materials and supplies in addition to those provided by the school. Strickler purchased supplies with both personal and school funds. At times, Strickler had supplies purchased with school funds shipped to her home. She and her husband would assemble and preview materials to ensure familiarity with them prior to use in the classroom. Some supplies were obtained by other teachers for use at Main Street. Thus, Strickler's classroom contained both her privately-owned and school-owned items.

Prior to the winter of 2017, multiple visions for Main Street's expansion emerged. A group called "movers" hoped to move the school to a larger structure in the Des Moines area to attract more students and use the Montessori teaching method. The other group, "non-movers," hoped to maintain the Main Street

location and ultimately opined the two groups should split. Strickler aligned with the movers and Apana with the non-movers.

As expansion discussions progressed, they became strained. The movers found a location and began to develop a new Montessori school in the spring of 2018. They also sent an email to families of Main Street students to advertise the new school's existence. Apana was alerted and took action. Strickler's employment was terminated on March 23, 2018, effective immediately.[1] Other Main Street employees resigned and engaged in the new school's development. Through text messages, Strickler and other employees discussed removing their personal property from Main Street. During the discussion, Strickler told the others to "bring receipts" or communicate with the board about removing personal property.

On March 22, Apana contacted police after an employee removed a printer from Main Street. She also reported that other items were missing from the school and accused Strickler and others that were members of the movers group. Apana told police she would handle the issue through her attorney and would involve police only if attorney fees were too expensive. In May, Apana sought police intervention. She alleged more property was missing and that Stickler and another person used school funds to purchase personal items. Apana listed items worth $870.35 that had been taken from Main Street on a preliminary search. The final report totaled $2095.00. Strickler was arrested and charged with theft in the

---

[1] Strickler petitioned for, and was awarded, unemployment benefits following her termination.

second degree. In November, Strickler was also charged with one count of conspiracy to commit theft.

Through the course of proceedings, an Assistant Warren County Attorney had other Main Street employees and former employees served with subpoenas for a "hearing." Strickler moved for permission to appear and cross-examine each witness. The motion and a subsequent motion to quash the subpoenas were set for hearing after the date the "hearings" were to take place. Each person appeared and provided a sworn statement to police in Strickler's absence. Strickler's motions, including multiple motions to dismiss, were denied. Trial was held in December 2018. A jury found Strickler guilty of conspiracy to commit theft and not guilty of second-degree theft. Strickler appealed following the imposition of sentence.

## II.     Standard of Review

"Sufficiency of the evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Courts consider all evidence presented, inculpatory and exculpatory, and inferences drawn therefrom in the light most favorable to the State. *Id.* The verdict will stand if supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* "The State has the burden to prove every fact necessary to constitute the crime with which the defendant is charged, and the evidence presented must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *State v. Fintel*, 689 N.W.2d 95, 100 (Iowa 2004).

### III.     Analysis

Strickler argues the State did nothing more than present evidence creating speculation, suspicion, or conjecture.  She asserts that the record contains no evidence of an agreement between her and any other person to take property that rightfully belonged to Main Street.  Strickler alleges the real issue is that the mover group created a competing school and argues ownership of the property contained therein could not be conclusively proved.  Strickler also asserts there was no testimony from any witness that Strickler removed materials from Main Street that did not belong to her.  The State argues the facts that the movers created a new school and Montessori materials ended up there gives rise to a reasonable inference that the movers conspired to remove the supplies from Main Street.  The State alleges the communications between Strickler and her colleague asking that the Montessori materials be set aside and removed to the new school reveal her intent to deprive Main Street of property, and that Strickler improperly asked a colleague to purchase supplies for the new school using Main Street funds.

The Iowa Code section defining conspiracy states, in relevant part:

> 1. A person commits conspiracy with another if, with the intent to promote or facilitate the commission of a crime which is an aggravated misdemeanor or felony, the person does either of the following:
> a. Agrees with another that they or one or more of them will engage in conduct constituting the crime or an attempt or solicitation to commit the crime.
> b. Agrees to aid another in the planning or commission of the crime or of an attempt or solicitation to commit the crime.
> 2. It is not necessary for the conspirator to know the identity of each and every conspirator.
> 3. A person shall not be convicted of conspiracy unless it is alleged and proven that at least one conspirator committed an overt act evidencing a design to accomplish the purpose of the conspiracy by criminal means.

4. A person shall not be convicted if the only other persons involved in the conspiracy were acting at the behest of or as agents of a law enforcement agency in an investigation of the criminal activity alleged at the time of the formation of the conspiracy.

Iowa Code § 706.1 (2018). Thus, in order to convict Strickler of conspiracy to commit theft, the State had to prove (1) Strickler agreed with one or more persons to remove property owned or possessed by Main Street, (2) Strickler entered into the agreement with the intent to deprive Main Street of the property, (3) Strickler or another member of the agreement committed an overt act, and (4) no member of the agreement was a law enforcement agent investigating the alleged theft or assisting the theft investigation when the agreement began. *See State v. Speicher*, 625 N.W.2d 738, 741 (Iowa 2001).

The record contains several pages of text message conversations between Strickler and her alleged co-conspirators. The text messages prove that Strickler intended to remove property from Main Street that belonged to her, encouraged others who were leaving the school to remove property that belonged to them, told people to bring receipts from purchases to prove their ownership of items or speak to the board about removing items, and wanted certain Montessori materials brought to the school by a teacher to be moved to the new school. What the text messages do not prove is who removed the allegedly stolen materials from Main Street, the existence of any agreement between Strickler and employees identified in the jury instructions to take items that did not belong to them, or that Strickler solicited others to take property that did not belong to them for the new school. The State insists that Strickler solicited another employee to take Montessori materials that an employee gave to Main Street after she obtained them from the

closed Sayre Montessori school. However, the text messages show that Strickler believed the other employee had the power to dictate where those materials would end up—that they were the property of the other employee to distribute. That employee was not listed in the jury instruction as a person with whom Strickler allegedly made an agreement, and Strickler asked the employee to bring the question of whether the materials could be transferred to the board's attention, undermining the State's attempt to prove her intent to promote a theft. Furthermore, when police informed Strickler that she was in possession of an item Main Street owned, as proved by the purchase receipt,[2] Strickler returned it to Main Street. Based on our review of the record, we find the evidence lacking. The evidence is not sufficient to support a finding of guilt that Strickler agreed with anyone to aid in the planning or commission of theft or solicitation to commit theft of property owned by Main Street, only evidence of an agreement to remove property owned by the employees and to notify the board or provide receipts showing ownership. The few inconsequential items that police seized from the new school as property from Main Street were promptly returned when identified even though the State presented no evidence of who purchased or owned the items; and the jury found Strickler not guilty of theft. Accordingly, we find the State did not present evidence sufficient to convince a rational jury beyond a reasonable doubt of Strickler's guilt of conspiracy to commit theft.

---

[2] The receipt shows a purchase in the amount of $51.75.

Based on our finding insufficient evidence was presented to support Strickler's guilt, we need not reach the merits of any other issue raised on appeal, no matter how compelling. We offer no opinion on those issues.

## IV.    Conclusion

Because insufficient evidence was presented to convince a rational jury beyond a reasonable doubt of Strickler's guilt of conspiracy to commit theft, we reverse the district court's conviction and remand for entry of judgment of acquittal. *See State v. Miller*, 874 N.W.2d 659, 667 (Iowa Ct. App. 2015).  We offer no opinion on any other issue raised on appeal.

**REVERSED AND REMANDED.**