# IN THE COURT OF APPEALS OF IOWA

No. 14-2127
Filed February 10, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**WILSON PORTER JR.,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright (plea) and Mary Ann Brown (trial and sentencing), Judges.

In this consolidated appeal, Wilson Porter appeals the judgment and sentence entered following the jury verdict finding him guilty of manufacturing a controlled substance and arson, and appeals the sentence entered on his guilty plea for manufacturing a controlled substance. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

In this consolidated appeal, Wilson Porter appeals the judgment and sentence following his convictions for arson and manufacturing methamphetamine in FECR006630, claiming the evidence was insufficient to support the jury's findings of guilt. Porter also appeals the judgment and sentence entered following his guilty plea for manufacturing methamphetamine in FECR006617, contending the district court abused its discretion in ordering Porter's sentence to run consecutive to his sentence in FECR006630.

Upon our review, we conclude the State failed to present sufficient evidence to support Porter's conviction for manufacture of methamphetamine and, consequently, arson in FECR006630. We therefore reverse the judgment and sentence entered following Porter's convictions for arson and manufacturing methamphetamine in FECR006630 and remand for dismissal of those charges. We affirm the judgment and sentence entered following Porter's guilty plea in FECR006617.

## I.    *Background Facts and Proceedings*

On January 21, 2014, the State filed a trial information (FECR006630) charging Porter with arson in the first degree, habitual offender,[1] in violation of Iowa Code sections 712.1, 712.2, and 902.8 (2013), and manufacture of a controlled substance (five grams or less of methamphetamine), in violation of section 124.401(1)(c)(6). These charges stemmed from allegations that on or about December 20, 2013, Porter manufactured methamphetamine and, in the

---

[1] The State alleged Porter had previously been convicted of robbery in the first degree and escape in Des Moines County in October and December 1996, respectively.

process, caused a fire. Following a trial, the jury found Porter guilty on both counts.

Meanwhile, on January 3, 2014, the State filed a trial information (FECR006617) charging Porter with manufacture of a controlled substance (more than five grams of methamphetamine), in violation of Iowa Code section 124.401(1)(b); possession of methamphetamine precursors, in violation of section 124.401(4); and possession of a controlled substance (methamphetamine), second offense,[2] in violation of section 124.401(5). These charges stemmed from allegations that on or about December 23, 2013, Porter manufactured methamphetamine and possessed methamphetamine precursors and methamphetamine.

Prior to sentencing in FECR006630, Porter pled guilty to Count I in FECR006617 (manufacturing methamphetamine). Pursuant to a plea agreement, the State agreed to dismiss the remaining counts in FECR006617 and argue for concurrent terms of incarceration in FECR006630 and FECR006617. The court accepted Porter's plea and the cases proceeded to a joint sentencing hearing.

Following the hearing, the district court entered judgment and sentence on both cases—terms of incarceration not to exceed twenty-five years in each case.[3] The court ordered the sentences to run consecutively. The sentence for

---

[2] The State alleged Porter had previously been convicted of possession of a controlled substance (cocaine) in Des Moines County in May 2013. .

[3] In FECR006630, the crime of manufacturing methamphetamine merged with the crime of arson in the first degree; therefore, judgment was entered only on the arson conviction.

FECR006617 was subject to the mandatory minimum one-third term pursuant to section 124.413.

Porter appealed in both cases. The Iowa Supreme Court granted Porter's request to consolidate his appeals and transferred them to this court. Facts specific to Porter's claims on appeal will be set forth below.

## II. FECR006630

Porter challenges the sufficiency of the evidence to support his convictions for arson and manufacturing methamphetamine.[4] We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable

---

[4] The State contends Porter's sufficiency-of-the-evidence claim was not raised in his motion for judgment of acquittal and is therefore not preserved for our review. If a motion for judgment of acquittal lacks specific grounds, those grounds are not preserved. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). Porter alternatively raises the claims in the form of ineffective-assistance-of-counsel claims for which the normal error preservation rules do not apply. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010); *see also State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("Failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim.").

 At the close of the State's case, defense counsel moved for judgment of acquittal, claiming State had not "met its—the requirements to bring a question forward to be presented to the jury." The State responded, specifically arguing Porter was the perpetrator and the evidence was sufficient for the jury to conclude Porter engaged in the manufacture of methamphetamine. The district court denied the motion. We conclude Porter's sufficiency-of-the-evidence claim is preserved for our review because any lack of specificity in the defense motion for judgment of acquittal was remedied by the State's more specific resistance. The district court ruled on the issue presented on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014). The jury's verdict is binding on appeal unless there is an absence of substantial evidence in the record to sustain it. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008).

The jury was instructed the State would have to prove the following elements of arson in the first degree:

> 1. On or about the 20th day of December, 2013, the defendant caused a fire or explosion that damaged or destroyed property.
> 2. Said fire or explosion occurred while the defendant was manufacturing or attempting to manufacture methamphetamine.
> 3. The presence of one or more persons in or near the damaged property could have been reasonably anticipated.

The jury was instructed the State would have to prove the following elements of manufacture of a controlled substance:

> 1. On or about the 20th day of December, 2013, the defendant manufactured methamphetamine.
> 2. The defendant knew that the substance he manufactured was methamphetamine.

Following a four-day trial, the jury found Porter guilty of first-degree arson and manufacturing methamphetamine. The jury was presented with the following evidence at trial. For several months prior to December 2013, Michelle Whitmore and her boyfriend, Wilson Porter, lived in a second-floor bedroom Whitmore rented from Michele and Stewart Spindlow at the Spindlows' house. Whitmore and Porter always stayed in the room with the door closed when they were at the home; they did not socialize with the Spindlows. Stewart Spindlow thought it was

"kind of suspicious" and "strange" that Whitmore and Porter took out their own trash, but that it was a "nice gesture." The Spindlows' neighbor recalled the window to Whitmore and Porter's bedroom was "always" open.

On the evening of December 20, 2013, Stewart Spindlow woke up to a "loud pop or boom." He went to the hallway and saw Porter standing with his arms up in the doorway to the bedroom he shared with Whitmore; behind Porter the bedroom was on fire. Whitmore was walking downstairs. Porter said, "Get some water and get the kids out of the house." Spindlow ran downstairs and got his young children and his cousins outside (his wife Michele was at work at the time). Whitmore went outside and waited in her van in the alley. As she was escaping the house, Spindlow's cousin noticed the "stench in the air was overwhelming." She thought it was "strange" to see Porter carrying a "big" pedestal fan out the back door as he was leaving the house.

Burlington Police Officers and the Burlington Fire Department responded to a dispatch call regarding a house fire. After the fire was extinguished, the fire marshal determined the fire was suspicious and ruled out accidental or electrical causes. Upon finding evidence consistent with a methamphetamine lab, a police detective called in members of a specialized task force, who discovered extensive methamphetamine manufacturing materials throughout the bedroom as well as methamphetamine products.

On appeal, Porter claims his conviction for manufacturing methamphetamine, and consequently, arson cannot stand because the State failed to show he "actually intended to manufacture methamphetamine and

engaged in the manufacture of methamphetamine." Porter does not dispute methamphetamine was manufactured in the bedroom; rather, he claims the State's evidence could apply equally to his girlfriend, Whitmore. According to Porter, "[T]he evidence here falls short of establishing Porter himself was involved in the manufacture of methamphetamine where all of the evidence also equally implicated Whitmore." The State counters, "This was not an either/or situation. The jury was asked to consider Porter's guilt or innocence on the facts presented. The State did not have an affirmative duty to rule out every hypothesis except that of guilt."

We conclude the State failed to present to the jury sufficient evidence to prove beyond a reasonable doubt that Porter manufactured the methamphetamine found in the bedroom. The evidence tying Porter to the manufacture of methamphetamine as a principal was purely circumstantial. The State counters that direct and circumstantial evidence are equally probative. Indeed, the jury was instructed:

> In considering the evidence, make deductions and reach conclusions according to reason and common sense. Facts may be proved by direct evidence, circumstantial evidence, or both. Direct evidence is evidence from a witness who claims actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is evidence about a chain of facts which show a defendant guilty or not guilty. The law makes no distinction between direct evidence and circumstantial evidence. Give all the evidence the weight and value you think it is entitled to receive.

"Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury is free to reject certain evidence, and credit other evidence." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). But "[e]vidence

is not substantial if it raises only suspicion, speculation or conjecture." *State v. Speicher*, 625 N.W.2d 738, 741 (Iowa 2001).

Here, the inculpatory and exculpatory evidence weighing against Porter was the same circumstantial evidence as against Whitmore.[5] The jury could have rationally found Whitmore and Porter resided in the bedroom where an explosion and fire broke out; both Whitmore and Porter were in the house when the fire broke out; a methamphetamine lab was discovered in an open and obvious position in the bedroom; the bedroom window was open on a cold December evening; Porter was seen carrying a large fan out of the house after the fire erupted; when Whitmore and Porter were at the house they stayed in the bedroom with the door closed; and Whitmore and Porter took out the garbage (in which remnants from cooking methamphetamine were later discovered) separately from the rest of the household garbage.

The State bore the burden to prove beyond a reasonable doubt that Porter was the principal in perpetrating the crimes. As so aptly pointed out by Porter on appeal, "In short, the State's case boils down to nothing more than a coin toss: Heads? Whitmore. Tails? Porter." Loss of liberty cannot be left to a coin toss. We conclude the State failed to present sufficient evidence to support Porter's conviction for manufacture of methamphetamine and, consequently, arson.[6] We

---

[5] The State elected to charge and try Porter as a principal.
[6] Porter also asks this court to adopt the "evidentiary equipoise" rule to require reversal if the evidence presented does no more than raise equally plausible theories of guilt and innocence with respect to the defendant himself. *Cf. United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) ("A majority of the court now holds that the 'equipoise rule' is not helpful in applying the Supreme Court's standard prescribed in *Jackson v. Virginia*, [443 U.S. 307, 319 (1979)]."). We decline to entertain Porter's request; if Iowa

therefore reverse the judgment and sentence entered following Porter's convictions for arson and manufacturing methamphetamine in FECR006630 and remand for dismissal of those charges.[7]

### III. FECR006617

Porter claims the district court "abused its discretion in ordering that Porter's sentences in both cases run consecutively." In light of the posture of FECR006630 following this appeal, we find Porter's challenge to his sentence in FECR006617 based on it running consecutive with his sentence in FECR006630 to be moot. We therefore affirm the judgment and sentence entered following Porter's guilty plea in FECR006617.

### IV. Conclusion

We reverse the judgment and sentence entered following Porter's convictions for arson and manufacturing methamphetamine in FECR006630 and remand for dismissal of those charges. We affirm the judgment and sentence entered following Porter's guilty plea in FECR006617.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

is to adopt the evidentiary equipoise rule, the Iowa Supreme Court should be the court to make that determination. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

[7] As an alternative claim, Porter argues his trial counsel was "ineffective for failing to move for a new trial on the grounds that the verdict was reached contrary to the weight of the evidence presented." *See State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998) ("The 'weight of the evidence' refers to a determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other."). In light of our resolution of Porter's sufficiency-of-the-evidence claim, we need not reach this issue.